UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONEL ENRIQUE URDANETA NAVARRO,<br><br>            Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, WARDEN, et al.,<br><br>            Respondents. | No. 1:26-cv-01297-DJC-EFB<br><br><u>ORDER</u> |

       Petitioner Leonel Enrique Urdaneta Navarro filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Temporary Restraining Order (Mot. (ECF No. 2)) seeking release from the custody of Immigration and Customs Enforcement ("ICE"). The parties do not oppose resolution of the Petition on the merits. As explained below, Petitioner's Petition for Writ of Habeas Corpus is GRANTED as to Count 1.[1]

       Petitioner raises claims that are functionally identical to those this Court has already addressed in prior orders. Petitioner entered the country in 2023, and he was

---

[1] In the interest of judicial economy, the Court declines to reach Petitioner's remaining counts.

1

detained shortly after entry. (Pet. ¶ 16.) He was given a credible fear interview while in detention and was then released into the United States. (*Id.*) Petitioner was re-detained when ICE officers arrested him during a routine check-in. (*Id.* ¶ 17.) Petitioner's present re-detention was enacted without notice or an opportunity to be heard and was not predicated on any changed circumstances since Petitioner's release. The Motion is fully briefed. (Response (ECF No. 9); Reply (ECF No. 10).)

While neither party conclusively establishes the statutory basis under which Petitioner was initially released, the Court finds that he presents with a due process liberty interest and concludes that the Court's prior orders are dispositive on the issues raised in the Petition and Motion. *See Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CSD, 2025 WL 3124116 (E.D. Cal. Nov. 7, 2025) (finding due process interest when released on conditional parole); *Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025) (finding protected liberty interest when released on recognizance); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025) (finding due process interest when released on humanitarian parole); *Singh v .Albarran*, No. 1:26-cv-00724-DJC-AC, 2026 WL 477996 (E.D. Cal. Feb. 19, 2026) (concluding due process liberty interest arose when released on humanitarian parole). For the reasons stated in those cases, Petitioner has established that he has a likelihood of success on the merits. Petitioner has a clear liberty interest in his continued release. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Court's prior orders, the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

Petitioner has also established irreparable harm based on the deprivation of constitutional rights via immigration detention. *See Melendres v. Arpaio*, 695 F.3d

990, 1002 (9th Cir. 2012); *see also Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017). The balance of the equities and public interest are merged as the Government is the non-moving party, and these factors clearly weigh in Petitioner's favor. *See Melendres*, 695 F.3d at 1002; *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023) ("The government also cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." (internal citations and quotation marks omitted)); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1037 (N.D. Cal. 2025) ("[T]he public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering.").

In summary, the Court concludes that Petitioner is entitled to relief under Count 1 of the Petition for Writ of Habeas Corpus.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus is GRANTED (ECF No. 1) as to Count 1;
2. Respondents are ordered to immediately release Petitioner Leonel Enrique Urdaneta Navarro from their custody. Respondents shall not impose any additional restrictions on him, unless that is determined to be necessary at a future pre-deprivation/custody hearing.
3. Respondents are PERMANENTLY ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating his arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present. At any such hearing, the immigration judge

should consider Petitioner's financial circumstances or alternative conditions of release in the event Petitioner is determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond.

4. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **February 20, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE